

**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar # 236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**

**(707) 441-1177**
**FAX 441-1533**

E-filing

**Attorney for Plaintiff, MARSHALL LOSKOT**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARSHALL LOSKOT,** ) | **Case No.** |
| ) | |
| **Plaintiff,** ) | CV 08 **4013** |
| ) | Civil Rights |
| **v.** ) | |
| ) | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| **GROSVENOR PROPERTIES, LTD., a** ) | **AND DAMAGES: DENIAL OF CIVIL** |
| **California corporation, GROSVENOR** ) | **RIGHTS OF A DISABLED PERSON IN** |
| **AIRPORT ASSOCIATES, a California** ) | **VIOLATION OF THE AMERICANS WITH** |
| **Limited Partnership, dba GROSVENOR** ) | **DISABILITIES ACT OF 1990; VIOLATION** |
| **AIRPORT HOTEL, and DOES ONE to FIFTY,** ) | **OF CALIFORNIA'S CIVIL RIGHTS** |
| **inclusive,** ) | **STATUTES** |
| ) | |
| **Defendants.** ) | **JURY TRIAL REQUESTED** |

Plaintiff **MARSHALL LOSKOT** complains of defendants **GROSVENOR PROPERTIES,**
**LTD., a California corporation, GROSVENOR AIRPORT ASSOCIATES, a California**
**Limited Partnership, dba GROSVENOR AIRPORT HOTEL, and DOES ONE to FIFTY,**
**inclusive,** and alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction of this action pursuant to 28 *USC* § 1331 for violations
of the *Americans with Disabilities Act of 1990*, (42 *USC* § 12101, *et seq.*) Pursuant to
pendant jurisdiction, attendant and related causes of action, arising from the same facts, are
also brought under California law, including, but not limited to, violations of *California Health*
*& Safety Code* § 19955, *et seq.*, including *California Code of Regulations,* Title 24, § 19959,

*California Civil Code* §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55.

2.    Venue is proper in this court pursuant to 28 *USC* § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district, at South San Francisco, San Mateo County, California, and that Plaintiff's causes of action arose in this district.

## INTRODUCTION

3.    **GROSVENOR AIRPORT HOTEL** (hereinafter "**GROSVENOR**") is located at 380 S. Airport Blvd., South San Francisco, California.    Said hotel is owned and operated by defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT ASSOCIATES, and DOES ONE to FIFTY, inclusive**.

4.    Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT ASSOCIATES, and DOES ONE to FIFTY, inclusive,** operate an establishment for services to the public and at which Defendants failed to provide barrier free access to said establishment in conformity with both Federal and California legal requirements.    Further, Defendants failed to provide compliance as follows:

### Parking

a)    There is no visible tow away signage posted in violation of California Title 24 §1129B.4.5, ADAAG 4.6.4.

b)    There is no path of travel to indicate the shortest accessible route of travel to the primary entrance in violation of California Title 24 §1114B.1.3, §1127B.1, ADAAG 4.6.2

c)    The primary entrance ramp is too steep in violation of California Title 24 §1133B.5.3, ADAAG 4.3.7.

### Lobby - Interior

d)    The check-in counter is too high in violation of California Title 24 §1122B.4, ADAAG 9.1.1.

e)    The computer room entrance door is too narrow in violation of California Title 24 §1118B.2, ADAAG 4.2.1*.

### Lobby Toilet Area

f)    The lobby's restroom door has no strike side clearance in violation of California Title 24 §1133B.2.3, ADAAG 4.13.1.

g)    The toilet in the lobby restroom is too low and too far from the wall in violation of California Title 24 §1115B.9, Table 1115B-1, ADAAG 4.17.3*.

h) The paper towel dispenser in the lobby restroom is too high in violation of California Title 24 §1115B.9.2, ADAAG 4.22.7.

### Fitness Room Area

i) There are no free weights for the disabled in the fitness room in violation of California Title 24 §1104B.4.3(5), ADAAG 15.7.2*.

j) The fitness room door is too narrow for entry in violation of California Title 24 §1118B.1, ADAAG 4.13.5

### Swimming Pool Area

k) The swimming pool has no lift in violation of California Title 24 §1104B.4.3(4), ADAAG 15.8.5.1.

l) The north side entrance to the swimming pool is not accessible and has no strike-side clearance in violation of California Title 24 §1133B.1, §1104B.4.3, ADAAG 15.8.2*

### Room # 307

m) There is no peep hole on the room entrance door in violation of California Title 24 §1114B.2.4, ADAAG 4.28.3*.

n) There is no strike side clearance inside the room in violation of California Title 24 §1133B.2.3, ADAAG 4.13.6, Fig. 25(b).

o) There is no clear space to maneuver a wheelchair for transfer to the toilet safely in violation of California Title 24 §1118B.4(2), ADAAG 4.16.7*(1).

p) The air conditioner and window are blocked by the table and chairs in violation of California Title 24 §1111B.4, ADAAG 9.2.2(3).

q) The bed is too close to the restroom door for a wheelchair in violation of California Title 24 §1111B.4.6(2), §1133B.2 ADAAG 9.2.2(1, 2, & 6).

r) The toilet is only 15½" high in violation of California Title 24 §1111B.4.6(7), §1115B.9, Table 1115B-1, ADAAG 4.17.3*.

s) The grab bar is attached to the sink valance in violation of California Title 24 §1111B.4.6, ADAAG 4.21.4.

t) The sink valance is too low allowing no sink access in violation of California Title 24 §1111B.4.6(4), ADAAG 4.24.2.

u) The sink pipes have no insulation in violation of California Title 24 §1111B.4.6(4), ADAAG 4.24.6.

v) The garb bars in the shower are 39" above the shower floor in violation of California Title 24 §1111B.4.6(6), ADAAG 4.21.4.

w) The sink and shower faucet mechanisms require a twist and turn motion to operate in violation of California Title 24

§1111B.4.6, ADDAG 4.27.4.

x)   The heat controls require twist and turn motion to operate in violation of California Title 24 §1117B.6(4), ADAAG 4.27.4, 9.2.2(5).

y)   The closet shelf and hangers are too high and out of reach in violation of California Title 24 §1125B.1, §1125B.3, ADAAG 9.2.2 (4).

The above barriers interfered with Plaintiff's access of the facilities and continue to deter Plaintiff from visiting said facilities, and as a legal result, Plaintiff **MARSHALL LOSKOT** suffers violations of his civil rights to full and equal enjoyment of goods, services, facilities and privileges, and has and will suffer embarrassment and humiliation.

## FACTUAL ALLEGATIONS

5.    Plaintiff **MARSHALL LOSKOT** is, and at all times relevant to this Complaint and is, a "physically handicapped person, "physically disabled person," and a "person with a disability," as these terms are used under California law and under federal laws including, but not limited to, Title III of the ***Americans with Disabilities Act of 1990***. (The terms "physically handicapped person," "physically disabled person," and a "person with a disability" will be used interchangeably throughout this Complaint.) Plaintiff is a "person with a disability," as defined by all applicable California and United State's laws. Plaintiff **MARSHALL LOSKOT** is severely limited in the use of his legs.

6.    Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT ASSOCIATES, and DOES ONE to FIFTY, inclusive,** at all times relevant herein were and are the owners and operators; lessors and/or lessees, franchisers and/or franchisees, of public facilities known as the "**GROSVENOR**" located at South San Francisco, California, subject to the requirements of California state law requiring full and equal access to public facilities pursuant to ***California Health & Safety Code*** § 19955, *et seq.*, ***California Civil Code*** §§ 51, 51.5, 52(a), 52.1, 54, 54.1, 54.3 and 55, and subject to Title III of the ***Americans with Disabilities Act of 1990***, and to all other legal requirements referred to in this Complaint. Plaintiff does not know the relative responsibilities of defendants in the operation of the facilities herein complained of, and alleges a joint venture and common enterprise by all such

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    4

1  defendants.

2     7.     Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT**
3  **ASSOCIATES, and DOES ONE to FIFTY, inclusive** (hereinafter alternatively referred to
4  collectively as "defendants"), at all times relevant herein were and are owners, possessors,
5  builders and keepers of the "**GROSVENOR** " in South San Francisco, California.

6     8.     Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT**
7  **ASSOCIATES, and DOES ONE to FIFTY, inclusive** are the owners and operators of the
8  subject "**GROSVENOR**" at all times relevant to this Complaint.  Plaintiff is informed and
9  believes that each of the defendants herein is the agent, employee or representative of each of
10  the other defendants, and performed all acts and omissions stated herein within the scope of
11  such agency or employment or representative capacity and is responsible in some manner for
12  the acts and omissions of the other defendants in legally causing the damages complained of
13  herein, and have approved or ratified each of the acts or omissions of each other defendant,
14  as herein described.

15     9.     Plaintiff **MARSHALL LOSKOT** does not know the true names and capacities of
16  defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT ASSOCIATES,**
17  **and DOES ONE to FIFTY, inclusive**, their business capacities, their ownership connection to
18  the property and business, nor their relative responsibilities in causing the access violations
19  herein complained of, and alleges a joint venture and common enterprise by all such
20  defendants.  Plaintiff is informed and believes that each of the defendants herein, including
21  DOES ONE to FIFTY, inclusive, is the agent, ostensible agent, master, servant, employer,
22  employee, representative, franchiser, franchisee, joint venturer, partner, and associate, or such
23  similar capacity, of each of the other defendants, and was at all times acting and performing, or
24  failing to act or perform, with the authorization, consent, permission or ratification of each of
25  the other defendants, and is responsible in some manner for the acts and omissions of the
26  other defendants in legally causing the violations and damages complained of herein, and
27  have approved or ratified each of the acts or omissions of each other defendant, as herein
28  described.  Plaintiff will seek leave to amend this Complaint when the true names, capacities,

1   connections and responsibilities of defendants **GROSVENOR PROPERTIES, LTD.,**
2   **GROSVENOR AIRPORT ASSOCIATES, and DOES ONE to FIFTY, inclusive,** are
3   ascertained.

4       10.   Plaintiff is informed and believes that all named defendants, including DOES
5   ONE to FIFTY, inclusive, conspired to commit the acts described herein, or alternatively, aided
6   and abetted one another in the performance of the wrongful acts hereinafter alleged.

7       11.   Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT**
8   **ASSOCIATES, and DOES ONE to FIFTY, inclusive**, are the owners and operators of the
9   "GROSVENOR" located at South San Francisco, California.  This hotel, including, but not
10  limited to, parking spaces and access aisles and access routes, are each a part of a "public
11  accommodation or facility" subject to the requirements of *California Health & Safety Code* §
12  19955, *et seq.*, and of *California Civil Code* §§ 51, 52(a), 54, 54.1, *et seq.*  On information
13  and belief, this "GROSVENOR" hotel was constructed after 1990, which has subjected the
14  "GROSVENOR" hotel to handicapped access requirements per *California Health & Safety*
15  *Code* § 19959, and applicable portions of *California Code of Regulations*, Title 24, (the State
16  Building Code).

17      12.   On or about June 4, 2008, Plaintiff **MARSHALL LOSKOT**, visited the
18  "GROSVENOR" in South San Francisco, California for the purpose of obtaining a hotel room.
19  Defendants **GROSVENOR PROPERTIES, LTD., GROSVENOR AIRPORT ASSOCIATES,**
20  **and DOES ONE to FIFTY, inclusive**, interfered with Plaintiff's access to the "GROSVENOR"
21  as set forth in Paragraph 4 above.

22      Said acts and omissions denied Plaintiff legal handicapped access to the
23  "GROSVENOR" according to federal and state law.

24      13.   Plaintiff's home, in Platina, California is approximately 240 miles from the
25  "GROSVENOR" in South San Francisco, California.  Plaintiff travels regularly to South San
26  Francisco for pleasure and business.  Plaintiff intends to return to "GROSVENOR" in South
27  San Francisco, California, when this public accommodation is made accessible.

28      14.   Plaintiff encountered and/or is informed and believes that the following

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF      6

architectural barriers, which violate the requirements of the **California Code of Regulations** Title 24 and **ADAAG**, existed and continue to exist thereby denying Plaintiff and those similarly situated full and equal access to the subject public facility as set forth in Paragraph 4 above.

15.    Defendants, and each of them, discriminated against Plaintiff **MARSHALL LOSKOT** on the basis of his physical disability, and interfered with his access to the "**GROSVENOR**" establishment, in violation of both California law including, but not limited to, **California Civil Code** §§ 51, 51.5, 54, 54.1, and a violation of Title III, §302, the "Prohibition of Discrimination" provision and §503, the "Prohibition Against Retaliation or Coercion" provision of the **Americans with Disabilities Act of 1990**.

16.    As a result of the actions and failure to act of defendants, and each of them, and as a result of the failure to provide appropriate accessible parking, proper signage, proper accessible entryways, and accessible accommodations for a hotel, Plaintiff **MARSHALL LOSKOT** suffered and will suffer a loss of his civil rights to full and equal access to public facilities, and further suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with a physical disability being denied access to a public accommodation, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

I.    **FIRST CAUSE OF ACTION:**
VIOLATION OF **THE AMERICANS WITH DISABILITIES ACT OF 1990**
(42 **USC** §12101 et seq.)

17.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 16 of this Complaint and incorporates them herein as if separately repled.

18.    Pursuant to law, in 1990 the United States Congress made findings per 42 **USC** § 12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and

1  pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities
2  are to assure equality of opportunity, full participation, independent living and economic self-
3  sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary
4  discrimination and prejudice denies people with disabilities the opportunity to compete on an
5  equal basis and to pursue those opportunities for which our free society is justifiably famous.

6      19.    Congress stated as its purpose in passing the *Americans with Disabilities Act*
7  *of 1990* (42 *USC* § 12102):

8          It is the purpose of this act (1) to provide a clear and comprehensive
   national mandate for the elimination of discrimination against individuals with
9  disabilities; (2) to provide clear, strong, consistent, enforceable standards
   addressing discrimination against individuals with disabilities; (3) to ensure that
10  the Federal government plays a central role in enforcing the standards
   established in this act on behalf of individuals with disabilities; and (4) to invoke
11  the sweep of Congressional authority, including the power to enforce the 14th
   Amendment and to regulate commerce, in order to address the major areas of
12  discrimination faced day to day by people with disabilities.

13     20.    As part of the *Americans with Disabilities Act of 1990*, Public Law 101-336
14  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services
15  Operated by Private Entities" (42 *USC* § 12181 *et seq.*). Among the public accommodations
16  identified for purposes of this title were "an inn, hotel, hotel, or other place of lodging, . . ."

17     21.    Pursuant to 42 *USC* § 12182,

18          "No individual shall be discriminated against on the basis of disability in
   the full and equal enjoyment of the goods, services, facilities, privileges,
19  advantages, or accommodations of any place of public accommodation by any
   person who owns, leases (or leases to), or operates a place of public
20  accommodation."

21     22.    Among the general prohibitions against discrimination were included in 42 *USC*
22  §12182(b)(1)(A)(i):

23          **Denial of participation**. It shall be discriminatory to subject an individual
   or class of individuals on the basis of a disability or disabilities of such individual
24  or class, directly, or through contractual, licensing, or other arrangements, to a
   denial of the opportunity of the individual or class to participate in or benefit from
25  the goods, services, facilities, privileges, advantages, or accommodations of an
26  entity.

27     23.    Among the general prohibitions against discrimination were included in 42 *USC*
28  §12182(b)(1)(E):

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    8

**Association** -- It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

The acts of defendants set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36 et seq.

24.     Among the general prohibitions against discrimination were included in 42 *USC* § 12182(b)(2)(A)(i) and 42 *USC* § 12182(b)(2)(A)(ii):

> **Discrimination.** For purposes of subsection (a), discrimination includes -

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations.

25.     Plaintiff alleges that constructing the eligibility requirements, policies, practices and procedure for entry to the "**GROSVENOR**" facility by persons with disabilities and their companions as established by the defendants can be simply modified to eliminate disparate and discriminatory treatment of persons with disabilities by properly constructing barrier free handicapped access for safe and full and equal enjoyment of the "**GROSVENOR**" as that enjoyed by other people.

26.     The specific prohibition against retaliation and coercion is included in the *Americans With Disabilities Act of 1990* § 503(b) and the *Remedies and Procedures* in § 503(c):

> (b) Interference, Coercion, or Intimidation. - It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

1

2

(c) Remedies and Procedure. - The remedies and procedures available under sections 107, 203, and 308 of this Act shall be available to aggrieved persons for violations of subsections (a) and (b), with respect to Title I, Title II and Title III, respectively.

3

4

5

6

7

8

9

10

11

27.     Among the specific prohibitions against discrimination were included, in 42 *USC* § 12182(b)(2)(a)(iv), "A failure to remove architectural barriers, and communications barriers that are structural in nature, in existing facilities...where such removal is readily achievable;" and (v) "where and entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts of Defendants set forth herein were a violations of Plaintiff's rights under the "ADA," Public Law 101-336, and the regulations promulgated thereunder, 28 *CFR* Part 36, *et seq.*

12

13

14

15

28.     The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after 1990 "readily achievable." On information and belief, if the removal of all the barriers complained of here together were not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."

16

17

18

19

20

21

29.     Per 42 *USC* § 12181(9), "The term 'readily achievable' means easily accomplishable and able to be carried out without much difficulty or expense." The statute and attendant regulations define relative "expense" in relation to the total financial resources of the entities involved, including any "parent" companies. Plaintiff alleges that properly repairing each of the items that Plaintiff complains of herein is readily achievable, including, but not limited to, correcting and repairing the items set forth in Paragraph 4 above.

22

23

24

25

26

27

The changes needed to remove barriers to access for the disabled were and are "readily achievable" by the defendants under standards set forth under 42 *USC* § 12181 of the *Americans with Disabilities Act of 1990*. (Further, if it was not "readily achievable" for defendants to remove all such barriers, defendants have failed to make the required services available through alternative methods, although such methods are achievable as required by 42 *USC* §12181(b)(2)(a)(iv), (v).)

28

30.     Pursuant to the *Americans with Disabilities Act of 1990*, §308 (42 *USC* §

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF     10

12188 *et seq.*), Plaintiff is entitled to the remedies and procedures set forth in the *Civil Rights Act of 1964* §204(a), (42 *USC* § 2000a-3(a)), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title and/or Plaintiff has reasonable grounds for believing that he is about to be subjected to discrimination in violation of *Americans With Disabilities Act of 1990* §302. Plaintiff cannot return to or make use of the public facilities complained of herein for the purpose of entry and provision of goods and service so long as defendants continue to apply eligibility criteria, policies, practices and procedures to screen out and refuse to allow entry and service to persons with disabilities such as Plaintiff's.

31.    Defendants', and each of their acts and omissions of failing to provide barrier free handicapped access for Plaintiff, were tantamount to interference, coercion or intimidation pursuant to *Americans With Disabilities Act of 1990* §503(b) (now 42 *USC* § 12203):

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this Act.

32.    Per *Americans With Disabilities Act of 1990* § 308(a)(1) (now 42 *USC* § 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access this public accommodation for the purpose of obtaining lodging. Therefore, Plaintiff seeks injunctive relief pursuant to §308(a)(2),

> "…Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modifications of a policy, or provision of alternative methods, to the extent required by this title."

33.    Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the *Civil Rights Act of 1964* (42 *USC* § 2000a-3(a), and pursuant to federal regulations adopted to implement the *Americans with Disabilities Act of 1990*, including, but not limited to, an order granting injunctive relief and attorneys' fees. Such attorneys' fees, "including litigation expenses and costs," are further specifically provided for by §505 of Title III.

1    WHEREFORE, Plaintiff prays for damages as hereinafter stated.

2    **II.    SECOND CAUSE OF ACTION**
       BREACH OF STATUTORY PROTECTIONS FOR PERSONS WITH PHYSICAL
3    DISABILITIES (*California Health & Safety Code* § 19955, *et seq.*)

4    34.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

5    the allegations contained in paragraphs 1 through 33 of this Complaint and incorporate them

6    herein as if separately repled.

7    35.    *California Health & Safety Code* § 19955 provides in pertinent part:

8           The purpose of this part is to insure that public accommodations or
       facilities constructed in this state with private funds adhere to the provisions of
9      Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the
       *Government Code.* For the purposes of this part "public accommodation or
10     facilities" means a building, structure, facility, complex, or improved area which is
       used by the general public and shall include auditoriums, hospitals, theaters,
11     restaurants, hotels, motels, stadiums, and convention centers. When sanitary
       facilities are made available for the public, clients or employees in such
12     accommodations or facilities, they shall be made available for the handicapped.

13

14    36.    *California Health & Safety Code* § 19956, which appears in the same chapter

15   as §19955, provides in pertinent part, "accommodations constructed in this state shall conform

16   to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the

17   *Government Code...*" *California Health & Safety Code* § 19956 was operative July 1, 1970,

18   and is applicable to all public accommodations constructed or altered after that date. On

19   information and belief, portions of "**GROSVENOR**" and/or of its buildings, were constructed

20   and/or altered after July 1, 1970, and substantial portions of said building had alterations,

21   structural repairs, and/or additions made to such public accommodations after July 1, 1970,

22   thereby requiring said public accommodations and/or buildings to be subject to the

23   requirements of Part 5.5, *California Health & Safety Code* § 19955, *et seq.*, upon such

24   alteration, structural repairs or additions per *California Health & Safety Code* § 19959.

25    37.    Pursuant to the authority delegated by *California Government Code* § 4450, *et*

26   *seq.,* the State Architect promulgated regulations for the enforcement of these provisions.

27   Effective January 1, 1982, Title 24 of the *California Administrative Code* adopted the

28   California State Architect's Regulations and these regulations must be complied with as to any

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    12

1  alterations and/or modifications of the **"GROSVENOR"** occurring after that date.  Construction

2  changes occurring prior to this date but after July 1, 1970 triggered access requirements

3  pursuant to the "ASA" requirements, the *American Standards Association Specifications*,

4  A117.1-1961.  On information and belief, at the time of the construction and modification of

5  said building, all buildings and facilities covered were required to conform to each of the

6  standards and specifications described in the *American Standards Association*

7  *Specifications* and/or those contained in Title 24 of the *California Administrative Code*,

8  (now known as Title 24, *California Code of Regulations*.)

9      38.    Public facilities, such as "**GROSVENOR**" are public accommodations or facilities

10  within the meaning of *California Health & Safety Code* § 19955, *et seq.*

11      39.    It is difficult or impossible for persons with physical disabilities who use

12  wheelchairs, canes, walkers and service animals to travel about in public to use a hotel with

13  the defects set forth in Paragraph 4 above as required by Title 24 of the *California Code of*

14  *Regulations* and the *Americans with Disabilities Act Access Guidelines (ADAAG)*.  Thus,

15  when public accommodations fail to provide handicap accessible public facilities, persons with

16  physical disabilities are unable to enter and use said facilities, and are denied full and equal

17  access to and use of that facility that is enjoyed by other members of the general public.

18      40.    Plaintiff **MARSHALL LOSKOT** and other similarly situated persons with physical

19  disabilities whose physical conditions require the use of wheelchairs, canes, walkers and

20  service animals are unable to use public facilities on a "full and equal" basis unless each such

21  facility is in compliance with the provisions of the *California Health & Safety Code* § 19955,

22  *et seq.*  Plaintiff is a member of that portion of the public whose rights are protected by the

23  provisions of *California Health & Safety Code* § 19955, *et seq.*

24      41.    The *California Health & Safety Code* was enacted "[t]o ensure that public

25  accommodations or facilities constructed in this state with private funds adhere to the

26  provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the *Government*

27  *Code*."  Such public accommodations are defined to include hotels.

28      42.    Plaintiff is further informed and believes that as of the date of filing this

1  Complaint, Defendants have not made accessible the facilities at the subject hotel as set forth

2  in Paragraph 4 above.

3      43.    Plaintiff **MARSHALL LOSKOT** is informed and believes, and therefore alleges,

4  that   Defendants   **GROSVENOR   PROPERTIES,   LTD.,   GROSVENOR   AIRPORT**

5  **ASSOCIATES, and DOES ONE to FIFTY, inclusive**, and each of them, caused the subject

6  buildings constituting "**GROSVENOR**" to be constructed, altered and maintained in such a

7  manner that persons with physical disabilities were denied full and equal access to, within and

8  throughout said buildings and were denied full and equal use of said public facilities, and

9  despite knowledge and actual and constructive notice to such Defendants that the

10 configuration of the hotel and/or buildings was in violation of the civil rights of persons with

11 physical disabilities, such as Plaintiff.  Such construction, modification, ownership, operation,

12 maintenance and practices of such public facilities are in violation of law as stated in Part 5.5,

13 *California Health & Safety Code* § 19955, *et seq.*, and elsewhere in the laws of California.

14     44.    On information and belief, the subject building constituting the public facilities of

15 "**GROSVENOR**" denied full and equal access to Plaintiff and other persons with physical

16 disabilities in other respects due to non-compliance with requirement of Title 24 of the

17 *California Code of Regulations* and *California Health & Safety Code* § 19955, *et seq.*

18     45.    The basis of Plaintiff's aforementioned information and belief is the various

19 means upon which Defendants must have acquired such knowledge, including, but not limited

20 to, this lawsuit, other access lawsuits, communications with operators of other hotels and other

21 property owners regarding denial access, communications with Plaintiff and other persons with

22 disabilities, communications with other patrons who regularly visit there, communications with

23 owners of other businesses, notices and advisories they obtained from governmental agencies

24 through the mails, at seminars, posted bulletins, television, radio, public service

25 announcements, or upon modification, improvement, alteration or substantial repair of the

26 subject premises and other properties owned by these Defendants, newspaper articles and

27 trade publications regarding the *Americans with Disabilities Act of 1990*  and other access

28 law, and other similar information. The scope and means of the knowledge of each defendant

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    14

1  is within each defendant's exclusive control and cannot be ascertained except through
2  discovery.

3      46.    As a result of Defendants' acts and omissions in this regard, Plaintiff has been
4  required to incur legal expenses and hire attorneys in order to enforce his civil rights and
5  enforce provisions of the law protecting access for persons with physical disabilities and
6  prohibiting discrimination against persons with physical disabilities, and to take such action
7  both in his own interests and in order to enforce an important right affecting the public interest.
8  Plaintiff, therefore, seeks damages in this lawsuit for recovery of all reasonable attorneys' fees
9  incurred, pursuant to the provisions of the *California Code of Civil Procedure* § 1021.5.
10  Plaintiff additionally seeks attorneys' fees pursuant to *California Health & Safety Code* §
11  19953 and *California Civil Code* §§ 54.3 and 55.

12      47.    Defendants, and each of them, at times prior to and including June 4, 2008, and
13  continuing to the present time, knew that persons with physical disabilities were denied their
14  rights of equal access to all portions of this public facility.   Despite such knowledge,
15  Defendants failed and refused to take steps to comply with the applicable access statutes; and
16  despite knowledge of the resulting problems and denial of civil rights thereby suffered by
17  Plaintiff **MARSHALL LOSKOT** and other similarly situated persons with disabilities, including
18  the specific notices referred to in paragraph 43 of this Complaint. Defendants have failed and
19  refused to take action to grant full and equal access to persons with physical disabilities in the
20  respects complained of hereinabove. Defendants and each of them have carried out a course
21  of conduct of refusing to respond to, or correct complaints about, denial of handicap access.
22  Such actions and continuing course of conduct by Defendants, evidence despicable conduct in
23  conscious disregard for the rights or safety of Plaintiff and of other similarly situated persons,
24  justifying an award of treble damages pursuant to *California Civil Code* § 54.3.

25      48.    Defendants' actions have also been oppressive to persons with physical
26  disabilities and of other members of the public, and have evidenced actual or implied malicious
27  intent toward those members of the public, such as Plaintiff and other persons with physical
28  disabilities who have been denied the proper access they are entitled to by law. Further,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    15

1    Defendants' refusals on a day-to-day basis to correct these problems evidence despicable
2    conduct in conscious disregard for the rights of Plaintiff and other members of the public with
3    physical disabilities.

4        49.    Plaintiff prays for an award of treble damages against Defendants, and each of
5    them, pursuant to *California Civil Code* § 54.3 in an amount sufficient to make a more
6    profound example of Defendants and discourage owners, operators, franchisers and
7    franchisees of other public facilities from willful disregard of the rights of persons with physical
8    disabilities.

9        50.    As a result of the actions and failure of Defendants, and each of them, and as a
10   result of the failure to provide proper accessible public facilities, Plaintiff **MARSHALL LOSKOT**
11   was denied his civil rights, including his right to full and equal access to public facilities, was
12   embarrassed and humiliated, suffered physical, psychological and mental injuries and
13   emotional distress, mental distress, mental suffering, mental anguish, which includes shame,
14   humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and
15   naturally associated with a person with a physical disability being denied access to a public
16   accommodation.

17       WHEREFORE, Plaintiff prays for damages as hereinafter stated.

18   **III.    THIRD CAUSE OF ACTION**
          VIOLATION OF CALIFORNIA'S CIVIL RIGHTS ACTS
19        (*California Civil Code* §§ 54, 54.1 and 54.3)

20       51.    Plaintiff repleads and incorporates by reference as if fully set forth again herein,
21   the allegations contained in paragraphs 1 through 50 of this Complaint and incorporates them
22   herein as if separately repled.

23       52.    The public facilities above-described constitute public facilities and public
24   accommodations within the meaning of *California Health & Safety Code* § 19955 *et seq.* and
25   were facilities to which members of the public are invited.  The aforementioned acts and
26   omissions of defendants, and each of them, constitute a denial of equal access to and use and
27   enjoyment of these facilities by persons with disabilities, including Plaintiff **MARSHALL**
28   **LOSKOT**.  Said acts and omissions are also in violation of provisions of Title 24 of the

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    16

**California Code of Regulations.**

53.    The rights of Plaintiff, the entitlement of Plaintiff to full and equal access and the denial by defendants of such rights and entitlements are set forth in **California Civil Code** §§ 54, 54.1 and 54.3, to wit:

> Individuals with disabilities shall have the same right as the...general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.   **California Civil Code** § 54(a).

> Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. **California Civil Code** § 54.1(a).

54.    On or about June 4, 2008, Plaintiff **MARSHALL LOSKOT** suffered violations of **California Civil Code** §§ 54 and 54.1 in that he was denied full and equal enjoyment of the goods, services, facilities and privileges of said **GROSVENOR** as set forth in paragraph 4 above.

Plaintiff was also denied full and equal access to other particulars, including, but not limited to, those described hereinabove.  Plaintiff was also denied use of facilities that he was entitled to under Title III of the **Americans with Disabilities Act of 1990**.

55.    As a result of the denial of full and equal enjoyment of the goods, services, facilities and privileges of defendants' **GROSVENOR** due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining this subject public facility, Plaintiff suffered violations of his civil rights, including, but not limited  to, rights under **California Civil Code** §§ 54, 54.1, and 54.3, and has and will suffer physical injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a disabled person's denial of full and equal enjoyment of goods, services,

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    17

privileges, etc. all to his damages as prayed hereinafter in an amount within the jurisdiction of the court.  Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled.

56.    Plaintiff seeks damages for the violation of his rights as a disabled person on or about June 4, 2008, according to proof, pursuant to *California Civil Code* § 54.3, including a trebling of all statutory and actual damages, general and special, available pursuant to *California Civil Code* § 54.3(a).

57.    As a result of defendants' acts and omissions in this regard, Plaintiff **MARSHALL LOSKOT** has been required to incur legal expenses and hire attorneys in order to enforce his rights and enforce provisions of the law protecting the full and equal enjoyment of goods, services, facilities, privileges of public facilities by the disabled, and those individuals associated with or accompanied by a person with disabilities, and prohibiting discrimination against the disabled.  Plaintiff, therefore, seeks recovery in this lawsuit for all reasonable attorneys' fees incurred pursuant to the provisions of *California Civil Code* § 55.  Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to compel the defendants to make their goods, services, facilities and privileges available and accessible to all members of the public with physical disabilities, justifying public interest attorneys' fees pursuant to the provisions of *California Code of Civil Procedure* § 1021.5.

58.    The acts and omissions of defendants in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the *Americans with Disabilities Act of 1990*, and refusal to make remedial modifications and alterations to its handicapped parking, handicapped signage, pathways, and other elements as hereinabove stated, after being notified by patrons before and after the time of Plaintiff's visit and injuries, on or about June 4, 2008, and all times prior thereto with the knowledge that persons with disabilities would enter defendants' premises, the reason given therefor, was an established policy, practice and procedure of refusing and denying entry, thereby denying services to a person with disabilities and the companions thereof, evidence malice and oppression toward Plaintiff and other disabled persons.

59.    Plaintiff seeks injunctive relief pursuant to *California Civil Code* § 55 to require Defendants to comply with federal and state access regulations.

60.    Defendants have failed to establish a nondiscriminatory criteria, policy, practice and procedure for entry into said "**GROSVENOR**" as hereinabove described.

61.    As a result of defendants' continuing failure to provide for the full and equal enjoyment of goods, services, facilities and privileges of said "**GROSVENOR**" as hereinabove described, Plaintiff has continually been denied his rights to full and equal enjoyment of the subject hotel, as it would be a "futile gesture" to attempt to patronize said "**GROSVENOR**" with the discriminatory policy in place as hereinabove described.

62.    The acts and omissions of defendants as complained of herein in failing to provide the required accessible facilities subsequent to the enactment date and compliance date of the *Americans with Disabilities Act of 1990* and refusal to make remedial modifications and alternations to the architectural barriers as stated herein and in failing to establish practices, policies and procedures to allow safe access by persons who are disabled are continuing on a day-to-day basis to have the effect of wrongfully and willfully excluding Plaintiff and other members of the public who are physically disabled, from full and equal enjoyment of the subject "**GROSVENOR**" as hereinabove described. Such acts and omissions are the continuing cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is physically disabled. Plaintiff is unable, so long as such acts and omissions of defendants continue, to achieve full and equal enjoyment of the goods and services of said "**GROSVENOR**" as described hereinabove. The acts of defendants have legally caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

63.    Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing refusal by defendants to permit entry to said "**GROSVENOR**" and to serve Plaintiff or others similarly situated, and to require defendants to comply forthwith with the applicable statutory requirements relating to the full and equal enjoyment of goods and services as

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    19

1  described hereinabove for disabled persons. Such injunctive relief is provided by *California*
2  *Civil Code* § 55. Plaintiff further requests that the court award statutory costs and attorneys'
3  fees to Plaintiff pursuant to *California Civil Code* § 55 and *California Code of Civil*
4  *Procedure* § 1021.5, all as hereinafter prayed for.

5      WHEREFORE, Plaintiff prays for compensatory damages, reasonable attorneys' fees
6  and costs of suit, as allowed by statute and according to proof.

7  **IV.    FOURTH CAUSE OF ACTION**
        VIOLATIONS OF *UNRUH CIVIL RIGHTS ACT*
8        (*California Civil Code* §§ 51 and 51.5)

9      64.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,
10  the allegations contained in paragraphs 1 through 63 of this Complaint and incorporates them
11  herein as if separately repled.

12      65.    Defendants' acts and omissions as specified with regard to the discriminatory
13  treatment of Plaintiff **MARSHALL LOSKOT** on the basis of his physical disabilities, have been
14  in violation of *California Civil Code* §§ 51 and 51.5, the *Unruh Civil Rights Act*, and have
15  denied to Plaintiff his rights to "full and equal accommodations, advantages, facilities,
16  privileges or services in all business establishments of every kind whatsoever."

17      66.    *California Civil Code* § 51 also provides that "[a] violation of the right of any
18  individual under the *Americans with Disabilities Act of 1990* (Public Law 101-336) shall also
19  constitute a violation of this section."

20      67.    *California Civil Code* § 51.5 also provides that

21      "[n]o business establishment of any kind whatsoever shall discriminate against,
        boycott, or blacklist, refuse to buy from, sell to, or trade with any person in this
22      state because of the race, creed, religion, color, national origin, sex, disability of
        the person or of the person's partners, members, stockholders, directors,
23      officers, managers, superintendents, agents, employees, business associates,
        suppliers, or customers."
24

25      68.    As a result of the violation of Plaintiff's civil rights protected by *California Civil*
26  *Code* §§ 51 and, 51.5, Plaintiff is entitled to the rights and remedies of *California Civil Code* §
27  52, including a trebling of actual damages (defined by *California Civil Code* § 52(h) to mean
28  "special and general damages"), as well as reasonable attorneys' fees and costs, as allowed

COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF    20

by statute, according to proof.

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

## PRAYER FOR RELIEF

Plaintiff prays that this court award damages and provide relief as follows:

1.      Grant injunctive relief requiring that defendants establish a non-discriminatory criteria policy, practice and procedure permitting entry into the **GROSVENOR** in South San Francisco, California, for the purpose of obtaining the goods and services accorded therein according to **California Civil Code** §§ 51, 51.5, 52, 54, 54.1, 54.3, and 55, *et seq.*, and Title III of the **Americans with Disabilities Act of 1990**, and grant injunctive relief requiring that Defendants repair and render safe to disabled persons, and otherwise make accessible, all public areas of the hotel, including, but not limited to, each of the barriers to access identified in Paragraph 4, above, and make such facilities "readily accessible to and usable by individuals with disabilities," according to the standards of Title 24 of the **California Administrative Code**, **California Health & Safety Code** § 19955 *et seq.*, and Title III of the **Americans with Disabilities Act of 1990** and the standards of **ADAAG**; and prohibiting operation of the **GROSVENOR** located in South San Francisco, California, as a public facility until Defendants provide full and equal enjoyment of goods and services as described hereinabove to physically disabled persons, including Plaintiff;

2.      General damages according to proof;

3.      Statutory and "actual" damages, including general damages and special damages, according to proof, pursuant to **California Civil Code** §§ 52, and 54.3, and that these damages be trebled;

4.      Prejudgment interest on all compensatory damages;

5.      Remedies and Procedures available under **Americans with Disabilities Act of 1990** §§ 107, 203 and 308;

6.      Award Plaintiff all litigation expenses, all costs of this proceeding and all reasonable attorneys' fees as provided by law, including, but not limited to, those recoverable

1  pursuant to the provisions of **California Civil Code** §§ 52, 54.3, and 55, **California Code of**

2  **Civil Procedure** § 1021.5, and **Americans with Disabilities Act of 1990** §308 of Title III; and

3       7.     Grant such other and further relief as the court may deem just and proper.

4                                            **SINGLETON LAW GROUP**

5  Dated:     August 19, 2008

6                                          Jason K. Singleton,

7                                          Richard E. Grabowski, Attorneys for
                                           Plaintiff, **MARSHALL LOSKOT**

8

9  <center>**REQUEST FOR JURY TRIAL**</center>

10      Plaintiff hereby requests a jury for all claims for which a jury is permitted.

11                                           **SINGLETON LAW GROUP**

12 Dated:     August 19, 2008

13                                         Jason K. Singleton,

14                                         Richard E. Grabowski, Attorneys for
                                           Plaintiff, **MARSHALL LOSKOT**

15

16

17

18

19

20

21

22

23

24

25

26

27

28